**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LEROY DEWITT HUNTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. DEPARTMENT OF SOCIAL SECURITY ADMINISTRATION, et al.,<br><br>　　　　　Defendants. | Case No.: 1:14-cv-00163 - LJO - JLT<br><br>FINDINGS AND RECOMMENDATION DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT WITHOUT LEAVE TO AMEND |

Leroy Dewitt Hunter ("Plaintiff") seeks to proceed *pro se* and *in forma pauperis* with an action against the Social Security Adminstration and employees of the Social Security Office, seeking to receive an award of benefits. (Doc. 1.) For the following reasons, the Court recommends Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be **DENIED** and the complaint be **DISMISSED** without leave to amend.

**I.     Motion to Proceed In forma Pauperis**

As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. 28 U.S.C. § 1914(a). The Court may authorize the initiation of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Thus, an action may proceed despite a failure to prepay the filing fee only if leave to proceed in forma pauperis is granted by the Court. *See Rodriguez v. Cook*, 169 F.3d 1178, 1177 (9th Cir. 1999). The

1

Ninth Circuit has held "permission to proceed in forma pauperis is itself a matter of privilege and not a right; denial of an informa pauperis status does not violate the applicant's right to due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (citing *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963)). In addition, the Court has broad discretion to grant or deny a motion to proceed IFP. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Weller,* 314 F.2d at 600-01. In making a determination, the court "must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." *Temple v. Ellerthorpe*, 586 F.Supp. 848, 850 (D.R.I. 1984).

Here, the Court recommends Plaintiff's application to proceed in forma pauperis be **DENIED** because, as discussed below, Plaintiff's complaint fails to state a meritorious claim upon which relief may be granted. *See* 28 U.S.C.§ 1915(e)(2).

**II.     Screening Requirement**

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and identify "cognizable claims." *See* 28 U.S.C § 1915(a)-(b). The Court must dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or … seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**III.    Pleading Standards**

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The

purpose of the complaint is to give the defendant fair notice and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 566 U.S. at 678 (citations omitted). If factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

**IV.     Discussion and Analysis**

Exhibits to Plaintiff's complaint demonstrate he received a partially favorable decision from an administrative law judge ("ALJ"), who determined Plaintiff "has been disabled under section 1614(a)(3)(A) of the Social Security Act …[since] November 19, 2001. (Doc. 1 at 18.) However, the ALJ determined also that Plaintiff was not eligible to receive supplemental security income at the time the decision was issued. (*Id.*) By and through his complaint, Plaintiff seeks a "release of [his] award" and receipt of benefits under the Social Security Act. (*Id.* at 3.)

Significantly, "a dissatisfied Social Security claimant may not seek damages from officials responsible for unconstitutional conduct that leads to the wrongful denial of benefits." *Hawes v. Richardson*, 2012 U.S. Dist. LEXIS 91543 at *3 (N.D. Cal. July 2, 2012) (citing *Schweiker v. Chilicky*, 487 U.S. 412, 420-29 (1988) (holding the improper denial of Social Security benefits cannot give rise to cause of action for money damages against the individuals responsible for the denial). In addition,

Plaintiff currently is incarcerated (Doc. 1 at 1), and an individual who has been "confined in a jail, prison, or other penal institution or correctional facility" for more than 30 days is not entitled to payment of benefits. 42 U.S.C. § 402(x). Given Plaintiff has been in custody for more than 30 days, he is unable to state a constitutional claim based upon the non-payment of benefits during his incarceration. *See Butler v. Apfel*, 144 F.3d 622 (9th Cir. 1998) (holding the suspension of an inmate's Social Security Benefits does not violate any constitutional provision); *see also Davis v. Bowen*, 825 F.2d 799, 800 (4th Cir. 1987) (finding that the suspending benefits for incarcerated felons does not violate due process or equal protection rights).

Finally, Plaintiff seeks judicial review over an administrative decision of the Social Security Administration to deny the payment of benefits but has not exhausted his administrative remedies, as required under 42 U.S.C §§ 405(g) and 421(d). Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h). Consequently, the Court lacks jurisdiction over the action, and the matter should be dismissed without prejudice pursuant to *Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004) (explaining that where the Court lacks subject matter jurisdiction, the claims should be dismissed without prejudice).

### V.   Findings and Recommendations

As discussed above, Plaintiff has failed to state a cause of action upon which relief may be granted by this Court. Although the Court may grant leave to amend a complaint where its deficiencies may be cured by an amendment, *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987), based upon the facts alleged, leave to amend would be futile.

Accordingly, **IT IS HEREBY RECOMMENDED**:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be **DENIED**;
2. Plaintiff's complaint be **DISMISSED** without leave to amend; and
3. The action be **DISMISSED WITHOUT PREJUDICE**.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen

days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 27, 2014**                              **/s/ Jennifer L. Thurston**
                                                                                    UNITED STATES MAGISTRATE JUDGE